UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| GLEN ROBERT WINES, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 1:16-cv-01527-JMS-DML |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255,
Denying Certificate of Appealability,
and Directing Entry of Final Judgment**

Petitioner Glen Robert Wines, Jr., commenced this 28 U.S.C. § 2255 action on June 21, 2016, following the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mr. Wines sought sentencing relief contending that his sentence, enhanced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), as well as the residual clause of the United States Sentencing Guidelines, § 4B1.1, had been impermissibly increased because those clauses are unconstitutionally vague. *Johnson* addressed only the residual clause of the ACCA. Counsel was appointed to represent Mr. Wines and filed an amended brief in support of Section 2255 relief. Dkt. 14.

When *Beckles v. United States*, 137 S. Ct. 886 (2017), held that the residual clause of the Sentencing Guidelines, § 4B1.1, was ***not*** unconstitutionally vague, and Seventh Circuit decisions held that Mr. Wines's relevant prior conviction for Indiana burglary was, after all, a predicate violent offense for ACCA purposes, *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017), Mr. Wines's grounds for relief collapsed. The United States filed a status report urging denial of the Section 2255 motion, dkt. 20, and Mr. Wines's counsel withdrew. Dkts. 21 & 22. The Court

allowed Mr. Wines through April 23, 2018, in which to either voluntarily dismiss his petition or to file a brief demonstrating why his motion should not be dismissed pursuant to *Beckles*, *Perry*, and *United States v. Foster*, 877 F.3d 343 (7th Cir. 2017) (holding that both Class B and Class C Indiana burglary convictions are crimes of violence for ACCA purposes). Mr. Wines has not responded.

Mr. Wines's basis for Section 2255 relief was grounded on the argument that his Indiana burglary conviction was not a violent offense, and without counting the burglary conviction, he did not have the necessary number of prior violent convictions to qualify him as either an armed career criminal under 18 U.S.C. § 924(e), or a career criminal under the Sentencing Guidelines § 4B1.1. Under the authorities cited above, Mr. Wines's arguments have no merit, and his motion for relief pursuant to 28 U.S.C. § 2255 is therefore **denied**.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

Final judgment consistent with this Order shall now enter. The **clerk is directed** to file a copy of this Order in the criminal case, *United States v. Wines*, No. 1:14-cr-00012-JMS-DML-1.

**IT IS SO ORDERED**.

Date: 5/8/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

Glen Robert Wines, Jr.
12123-028
FCI Manchester
Federal Correctional Institution
P.O. Box 4000
Manchester, KY  40962